**Appeal Dismissed and Memorandum Opinion filed November 29, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00723-CV

**HAROLD K. GAUSE, Appellant**

**V.**

**TRIUMPH HOSPITAL OF NORTH HOUSTON, L.P. D/B/A KINDRED HOSPITAL SPRING & UNKNOWN EMPLOYEES, ET AL., Appellees**

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2018-14362**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed July 27, 2018, that does not dispose of all the parties. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and

unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Appellant argues that this interlocutory appeal is authorized by statute because the trial court signed an order granting a motion to dismiss by certain defendants based on governmental immunity. We disagree because the record shows the trial court's order of partial dismissal granted these defendants' motion to dismiss under Tex. R. Civ. P. 91a. There is no statute authorizing an interlocutory appeal from such an order.

On September 6, 2018 notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before September 17, 2018. *See* Tex. R. App. P. 42.3(a). No response was filed.

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Busby, Brown, and Wise.